UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                :

MAURO DIAZ CASIANO,               :
                                :
                     Plaintiff,    :
                                  :
               -v-                 :
                                  :
CAFÉ LALO INC., et al.,          :
                                  :
                     Defendants.  :
------------------------------------------------------------X

16-CV-7689 (VSB)

**ORDER**

VERNON S. BRODERICK, United States District Judge:

On September 30, 2016, Plaintiff Mauro Diaz Casiano filed this action against

Defendants Café Lalo Inc., Haim Lalo, Erica Lalo, and Daniel Reyes (collectively,

"Defendants") alleging violations of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C.

§ 201, *et seq.*, and the New York Labor Law (the "NYLL").  (*See generally* Compl.)  Plaintiff

alleges various violations of the FLSA and NYLL including that Defendants failed to pay him

the minimum wage for all hours worked, failed to pay overtime compensation for all hours

worked in excess of forty hours per week, and failed to pay spread-of-hours pay.  (*Id.*)

On August 29, 2017, the parties advised the Court that they had reached a settlement.

(Doc. 30.)  However, parties may not privately settle FLSA claims with prejudice absent the

approval of the district court or the Department of Labor.  *See Cheeks v. Freeport Pancake*

*House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015).  In the absence of Department of Labor approval,

the parties must satisfy this Court that their settlement is "fair and reasonable."  *Velasquez v.*

*SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015).  "A reasonable agreement must 'reflect

a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought

about by an employer's overreaching.'"  *Lopez v. Ploy Dee, Inc.*, No. 15-cv-647 (AJN), 2016

WL 1626631, at *1 (S.D.N.Y. Apr. 21, 2016) (quoting *Mamani v. Licetti*, No. 13-CV-7002

(KMW)(JCF), 2014 WL 2971050, at *1 (S.D.N.Y. July 2, 2014)).  Accordingly, I directed the

parties to submit a joint letter attaching the settlement agreement and explaining how the terms

of their proposed settlement are fair and reasonable.  (Doc. 31.)

## I. Legal Standard

To determine whether a settlement is fair and reasonable under the FLSA, I "consider the

totality of circumstances, including but not limited to the following factors:  (1) the plaintiff's

range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid

anticipated burdens and expenses in establishing their respective claims and defenses; (3) the

seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the

product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud

or collusion."  *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal

quotation marks omitted); *see also Beckert v. Rubinov*, No. 15 Civ. 1951(PAE), 2015 WL

6503832, at *1 (S.D.N.Y. Oct. 27, 2015).  "Generally, there is a strong presumption in favor of

finding a settlement fair, as the Court is generally not in as good a position as the parties to

determine the reasonableness of an FLSA settlement."  *Xiao v. Grand Sichuan Int'l St Marks,*

*Inc.*, Nos. 14-CV-9063 (RA), 15-CV-6361 (RA), 2016 WL 4074444, at *2 (S.D.N.Y. July 29,

2016) (quoting *Pavon v. Daniel's Bagel Corp.*, No. 15 CV 8376 (LTS) (SN), 2016 WL 3960555,

at *1 (S.D.N.Y. July 12, 2016)).

## II. Discussion

I have independently reviewed the settlement agreement and supporting submissions

provided by the parties, (Doc. 34), to determine whether the terms of the settlement agreement

are fair, reasonable, and adequate.  As discussed below, I find most of the terms of the settlement

agreement to be fair and reasonable.  However, the settlement agreement contains a non-disparagement provision and overbroad releases.  I discuss each of these provisions below.  Given the inclusion of such provisions, I do not find that the settlement agreement is "fair and reasonable."  As a result of this finding, I do not separately consider in this Order whether the attorneys' fees are also reasonable.

### A.   *General Release*

I will not approve the sweeping "General Release" provision in the proposed settlement agreement.  (*See* Settlement Agmt. § 2.)[1]  "In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'"  *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)).  Moreover, "[i]n the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic."  *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Camacho v. Ess-A-Bagel, Inc.*, No. 14-cv-2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)).  For this reason, "[a] number of judges in this District refuse to approve any FLSA settlement unless the release provisions are 'limited to the claims at issue in this action.'"  *Cionca v. Interactive Realty, LLC*, No. 15-CV-5123 (BCM), 2016 WL 3440554, at *3 (S.D.N.Y. June 10, 2016) (quoting *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259 (RA), 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015)).

---

[1] "Settlement Agmt." refers to the parties' proposed Release and Agreement of Settlement.  (Doc. 34-1.)

The General Release provision in the parties' settlement agreement is too broad to survive judicial scrutiny.  Pursuant to the release provision, Plaintiff releases Defendants

> from any and all charges, complaints, claims, liabilities, obligations, suits, demands, costs, losses, debts, and expenses, including but not limited to, all claims for penalties, general damages, punitive damages, compensatory damages, special damages, equitable relief, attorneys' fees and costs actually incurred, of any nature whatsoever known or unknown, suspected or unsuspected, that Plaintiff had, now has, or in the future may or could have, individually or collectively, arising out of or relating to any matter up to the Effective Date, whether under any theory, including, but not limited to, any and all claims asserted in or related to the Action or Plaintiff's alleged employment with Cafe Lalo and the cessation thereof, excluding any claims to enforce his rights under this Agreement.

(Settlement Agmt. § 2(a).)  It then provides a lengthy but non-exhaustive list of statutes and claims barred by the release—ranging from Title VII of the Civil Rights Act of 1964 to the New York State Human Rights Law to defamation and intentional tort at common law.  (*See id*. § 2(b).)  This provision is plainly overbroad since it requires Plaintiff to waive virtually any claim, of any type against Defendants or any possibly related entity as long as it has occurred as of the date Plaintiff executes the agreement.  Although some Courts in this district have approved release provisions on the basis of their mutuality, *see, e.g.*, *Lola v. Skadden, Arps, Meagher, Slate, Flom, LLP*, No. 13-cv-5008 (RJS), 2016 WL 922223, at \*2 (S.D.N.Y. Feb. 3, 2016), here, the parties offer no basis for finding that this release provision provides Plaintiff any benefit, comparable or otherwise.  Moreover, "[t]he fact that the general release is styled as mutual, although favoring the settlement, does not salvage it, absent a sound explanation for how this broad release benefits the plaintiff employee." *Gurung*, 226 F. Supp. 3d at 229; *see also Martinez v. SJG Foods LLC*, No. 16-CV-7890 (RA), 2017 WL 2169234, at \*2 (S.D.N.Y. May 16, 2017).  Such explanation is clearly lacking.

Accordingly, this provision does not meet the standards for approval established by courts in this district.

### B.    *Non-Disparagement*

The proposed settlement agreement also contains a non-disparagement provision. (Settlement Agmt. § 3.)  Pursuant to this provision, Plaintiff agrees, among other things, to "refrain from defaming or disparaging the Defendants, their products, services, finances, financial condition, capabilities or other aspect of its businesses, or any former or existing employees, managers, directors, officers or agents of, or contracting parties with Cafe Lalo." (*Id.* § 3(b).)  "Courts in this District have held that while 'not all non-disparagement clauses are *per se* objectionable, if the provision would bar plaintiffs from making any negative statement about the defendants, it must include a carve-out for truthful statements about plaintiffs' experience litigating their case.  Otherwise, such a provision contravenes the remedial purposes of the FLSA and is not fair and reasonable.'" *Martinez*, 2016 WL 206474, at *1 (quoting *Lazaro-Garcia*, 2015 WL 9162701, at *3).

In light of the fact that the non-disparagement provision does not include a carve-out for truthful statements, I will not approve the settlement agreement with the non-disparagement provision as currently written.  *See Baikin v. Leader Sheet Metal, Inc.*, 16 Civ. 8194 (ER), 2017 WL 1025991, at *1 (S.D.N.Y. Mar. 13, 2017).

### III.     Conclusion

For the reasons stated above, I find that the parties' proposed settlement agreement is not fair and reasonable.  Accordingly, the parties' request that I approve the proposed settlement agreement is DENIED without prejudice.  The parties may proceed by either:

1.      Filing a revised proposed settlement agreement on or before June 15, 2018 that cures the deficiencies in the provisions as discussed above; or

2.      Filing a joint letter on or before June 15, 2018 that indicates the parties' intention to abandon settlement, at which point I will set a date for a status conference.

SO ORDERED.

Dated: June 7, 2018
     New York, New York

Vernon S. Broderick
United States District Judge