## RELEASE AND SETTLEMENT AGREEMENT

AGREEMENT made as of the last date in the signature blocks ("Effective Date"), between plaintiff Mauro Diaz Casiano ("Casiano" or "Plaintiff") and defendants Café Lalo Inc. d/b/a Café Lalo ("Café Lalo"), Haim Lalo ("Lalo"), and Erika Abarca Perez (incorrectly named as Erika Lalo) ("Perez") (collectively "Defendants"). Plaintiff and Defendants shall individually be referred to herein as a Party and collectively as the Parties.

### W I T N E S S E T H:

WHEREAS, on or about September 30, 2016, Casiano filed a lawsuit against Defendants in the United States District Court for the Southern District, entitled <u>Casiano, et al. v. Café Lalo Inc. d/b/a Café Lalo., et al.</u>, bearing the Case No. 1:16-cv-07689 ("Action"); and

WHEREAS, Defendants have denied and continue to deny all of the allegations made against them in the Action, and further deny that they engaged in any other wrongful conduct against Plaintiff; and

WHEREAS, the Parties wish to avoid the burdens and expense of protracted litigation; and

WHEREAS, the Parties acknowledge that *bona fide* disputes and controversies exist between them, both as to liability and the amount thereof, if any, and by reason of such disputes and controversies they desire to compromise and have agreed to settle fully and finally all of their past, present, and any future claims, disputes or potential disputes which existed or may exist, including but not limited to those relating to the subject matter of the Action, and those arising out of or related directly or indirectly to the allegations contained in the Action, pursuant to the terms and conditions of this Release and Settlement Agreement ("Agreement");

NOW, THEREFORE, in consideration of the above recitals and mutual covenants, releases, promises, rights and obligations set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby accepted and acknowledged, the Parties, intending to be legally bound, agree as follows:

(The foregoing "whereas" clauses are true and correct and incorporated by reference as part of this Agreement.)

1. **Settlement Pay.**

    (a) <u>Payments</u>. Defendants shall pay Plaintiff the total sum of Nine Thousand Five Hundred dollars and Zero cents ($9,500.00) (hereinafter, the "Settlement Sum"). The Settlement Sum will be paid in the form of two checks as follows:

    (i) The first check, which will be issued within thirty (30) days of the Effective Date, will be in the gross amount of six thousand three hundred thirty-three dollars and thirty four cents ($6,333.34), made payable to "Mauro Diaz Casiano", which shall represent payment for wages, subject to all applicable federal, state, and local tax deductions and withholdings.

(ii) The second check, which will be issued within thirty (30) days of the Effective Date, will be in the gross amount of three thousand one hundred sixty six dollars and sixty six cents ($3,166.66), made payable to "Michael Faillace & Associates, P.C." as and for Plaintiff's attorneys' fees and costs.

(b) Plaintiff acknowledges and agrees that Defendants make no representations regarding the federal or state tax consequences of the payments referred to in paragraphs 1(a)(i)-1(a)(ii) of this Agreement, and Defendants shall not be responsible for any tax liability, interest, or penalty incurred by Plaintiff or his counsel, which in any way arises out of or is related to such payments. Plaintiff and his counsel agree to pay any amount that may be determined to be due and owing as taxes, interest, and penalties arising out of the payment referred to in paragraphs 1(a)(i)-1(a)(ii) of this Agreement, should it be determined that all or part of such payments constitute gross income to Plaintiff and/or his counsel, within the meaning of the Internal Revenue Code of 1986, as amended, or under any other federal, state, or local statute or ordinance.

(c) The Parties shall promptly notify each other of any claim by the IRS or any other governmental authority arising under Section 1 of this Agreement.

(d) The Parties agree that the payment and the obligations set forth in Section 1 of this Agreement shall constitute full and final settlement of all past, present, and future claims and causes of action by Plaintiff against Defendants and all Releasees (as defined in Section 3 of this Agreement), and all possible claims or issues relative to the allegations in the Action or Plaintiff's alleged employment at Café Lalo, against all persons, will be forever settled in their entirety.

2. **General Release.**

(a) As a material inducement to Defendants to enter into this Agreement, Casiano, on behalf of himself, his heirs, successors, representatives, assigns, attorneys, in their individual and representative capacities, agents, executors, and administrators ("Releasors"), hereby irrevocably and unconditionally release, acquit, and forever discharge Defendants, their present, past and future owners, affiliates, related business entities, parent companies, subsidiaries, predecessors, successors, assigns, divisions, directors, officers, trustees, members, employees, agents, stockholders, representatives, insurers, heirs, executors, administrators, attorneys, in their individual and representative capacities, and all persons acting by, through, under, or in concert with any of these (hereinafter collectively referred to as "Releasees"), from any and all charges, complaints, claims, liabilities, obligations, suits, demands, costs, losses, debts, and expenses, including but not limited to, all claims for penalties, general damages, punitive damages, compensatory damages, special damages, liquidated damages, equitable relief, attorneys' fees and costs actually incurred, of any nature whatsoever known or unknown, suspected or unsuspected, that Plaintiff had, now has, or in the future may or could have, individually or collectively, arising out of or relating to any and all claims asserted in the Action or which could have been asserted in this action pursuant to the Fair Labor Standards Act and/or the New York Labor Law, consistent with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

(b) Notwithstanding anything else set forth herein, nothing herein shall be

2

deemed a waiver of: (i) claims for breach of this Agreement; (ii) claims that may arise based on events occurring after the Effective Date; or (iii) claims that cannot be waived as a matter of law.

(c) Plaintiff acknowledges that he may discover facts or law different from, or in addition to, the facts or law he knows or believes to exist with respect to a released claim. Plaintiff agrees, nonetheless, that this Agreement and the releases contained in it shall be and remain effective in all respects notwithstanding such different or additional facts or law.

(d) Plaintiff acknowledges that he was paid and has received all compensation, wages, bonuses, commissions, and benefits to which he was entitled and that no leave, compensation, wages, bonuses, commissions, or benefits are due to him. Further, Plaintiff acknowledges and agrees that he has not suffered any workplace injury that has not already been reported to and addressed by Café Lalo.

(e) If any legal proceeding, whether an individual or class action, is instituted in court or a local, state, or federal administrative agency, including any proceeding conducted by the Equal Employment Opportunity Commission ("EEOC") (collectively referred to herein as "Proceeding"), Plaintiff waives all relief available to him (including, without limitation, monetary damages, equitable relief, and reinstatement) under any of the claims and/or causes of action waived in Section 3, above. Therefore, Plaintiff agrees that he will not accept any award or settlement from any source or Proceeding with respect to any claim or right released and/or waived in this Agreement. If any such Proceeding is currently in process, Plaintiff agrees that he will, to the extent of his ability, seek to have it closed with prejudice. Notwithstanding the forgoing, or anything else set forth in this Agreement, nothing in this Agreement shall prohibit Plaintiff from filing a charge with or participating in any investigation or proceeding conducted by EEOC or a comparable state or local agency.

(f) Plaintiff further agrees that neither he, nor any person acting by, through, under, or in concert with him, will initiate, encourage, assist or participate in any Proceeding, including but not limited to providing any information to a person bringing a Proceeding against Releasees or to any third party on behalf of that person, unless lawfully subpoenaed or otherwise ordered to do so by a court or administrative agency in connection with any investigation it is conducting or as otherwise required by applicable law. Should Plaintiff and/or any person acting by, through, under, or in concert with him be subpoenaed or subjected by court order to attend or testify, he shall notify Defendants as soon as practicable but shall endeavor to do so within seventy-two (72) hours (unless compliance with the subpoena or court order is demanded in less than seventy-two (72) hours, in which case notification shall occur within twenty-four (24) hours) by sending a copy of the subpoena or court order to the attention of Mark A. Beckman, Esq., Gordon & Rees LLP, 1 Battery Park Plaza, 28th Floor, New York, New York 10004, *via* Federal Express or UPS next day delivery, marked "Confidential and Time-Sensitive – Please Open Immediately", so compliance or objection to same can be directed or raised by Defendant. This is the contact information to be used for all notices to Defendants under this Agreement.

(g) By execution of this Agreement, and except as to such rights or claims as may be created by this Agreement, Defendants and Releasees shall be deemed to have and shall be fully, finally, and forever released, relinquished, and discharged from all claims arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of this Action.

3

3.  **Non-Disparagement.**

(a)  The Parties understand and agree that the terms of this Agreement, including all facts, circumstances, statements and documents relating thereto, shall not be admissible or submitted as evidence in any litigation or proceeding in any form for any purpose other than to (i) secure enforcement of the terms and conditions of this Agreement, or (ii) as otherwise may be required by law.

(b)  Plaintiff undertakes, on behalf of himself and any person acting by, through, under, or in concert with him, to (a) refrain from defaming or disparaging the Defendants, their products, services, finances, financial condition, capabilities or other aspect of its businesses, or any former or existing employees, managers, directors, officers or agents of, or contracting parties with Café Lalo, or (b) acting in a manner that reasonably may be viewed as detrimental to the above-identified persons' and entities' best interests.  These undertakings apply in any medium and by any method to any person or entity without limitation in time.

(c)  Café Lalo agrees that its officers, directors, members, and shareholders shall (a) refrain from defaming or disparaging Plaintiff's alleged employment with Café Lalo, or (b) acting in a manner that reasonably may be viewed as detrimental to Plaintiff's best interests, and shall not instruct or direct others to do so.

(d)  Defendants agree that if any prospective employer of Casiano shall contact Defendants for reference or recommendations, Defendants shall provide only the following information: Plaintiff's dates of work and title position(s).

(e)  Notwithstanding the above, the Parties agree and understand that nothing herein shall preclude Plaintiff from truthful statements regarding the Action or this Agreement.

4.  **Waiver of Reinstatement/Reemployment.**  Plaintiff agrees that he will never knowingly apply for or accept employment with Café Lalo or any of its known and disclosed affiliates, parent companies, subsidiaries, partners, or successors.  If Plaintiff is found to be an applicant or employee of any of the above, whether inadvertent or otherwise on the part of Plaintiff, then Café Lalo or the pertinent affiliate, parent company, subsidiary, partner, or successor, at its sole discretion, may deny or terminate such employment pursuant to this Agreement, which shall serve as an absolute affirmative defense to any liability for such act.

5.  **Non-Admissions.**  Plaintiff agrees that Defendants have entered into this Agreement solely for the purpose of avoiding the burdens and expense of protracted litigation.  Further, neither this Agreement nor the furnishing of consideration for the release intended, shall be construed as an admission that Defendants or any Releasee has violated any federal, state, or local law (statutory or decisional), ordinance or regulation, or that Defendants or any Releasee have committed any wrong against Plaintiff.

6.  **Representations and Acknowledgments.**  Plaintiff hereby represents and agrees that he has been advised by Defendants of his right to discuss all aspects of this Agreement with an attorney, financial advisor, and/or representative of his choice; that he has so consulted with his attorneys, Michael Faillace & Associates, P.C.; that he carefully has read all of the provisions of this Agreement; that he has had the opportunity to have his attorneys answer any questions he might have had; that he fully understands all of the provisions of this Agreement; that he has had

4

a reasonable period of time to consider whether to enter into this Agreement; and that he is voluntarily and knowingly entering into this Agreement.

7. **Complete Agreement.** This Agreement represents the complete and full settlement of any and all claims, individually or collectively, of Plaintiff against Defendants or any Releasee and fully supersedes any and all prior agreements or understandings among the Parties hereto pertaining to the subject matter hereof. Plaintiff represents and acknowledges that in executing this Agreement, he does not rely upon any representation or statement made by a representative of Defendants with regard to the subject matter, basis, or effect of this Agreement other than those contained herein. This Agreement may not be changed or modified in any respect, except by a writing duly executed by the Parties or authorized representatives of the Parties.

8. **Capability to Waive Claims.** Plaintiff is competent to effect a knowing and voluntary general and unlimited release and waiver of all claims, as contained herein, and to enter into this Agreement, and is not affected or impaired by illness, use of alcohol, drugs or other substances, or otherwise impaired. Plaintiff is not a party to any bankruptcy, lien, creditor-debtor, or other proceeding which would impair the right to settle all claims against Defendants or to waive all claims that Plaintiff may have against Defendants. If any lien exists or is asserted relating to any debt of Plaintiff, Plaintiff immediately shall utilize the Settlement Sum made hereunder to satisfy that lien.

9. **Remedy For Breach.** Nothing shall limit the right of any of the Parties to bring an action to enforce this Agreement. The Parties shall be entitled, in addition to any other right or remedy they may have at law or in equity related to breaches of this Agreement, to (i) all costs associated with enforcing this paragraph and the Agreement overall, including but not limited to attorneys' fees and costs; and (ii) an injunction, without the posting of any bond or other security, enjoining or restraining the other Party from any violation of this Agreement. In addition, for any judicially determined breach of this Agreement by Plaintiff, Defendants shall be entitled to repayment by Plaintiff of the portion of the Settlement Sum described in section 1(a)(i) above.

10. **Medicare/Medicaid.**

(a) Plaintiff represents that he is not enrolled in the Medicare or Medicaid programs and was not enrolled at the time of his employment with Café Lalo or anytime thereafter through the Effective Date. Plaintiff represents and warrants that no Medicare or Medicaid payments have been made to or on behalf of him and that no liens, claims, demands, subrogated interests, or causes of action of any nature or character ("Liabilities") exist or have been asserted arising from or related to any released claim. Plaintiff further agrees that Plaintiff, and not Releasees, shall be responsible for satisfying all such Liabilities that may exist or have been asserted or that may in the future exist or be asserted. Plaintiff agrees to assume responsibility for any and all expenses, costs, or fees incurred by Plaintiff in connection with Plaintiff's alleged injuries, claims, or this lawsuit that relate to Medicare or Medicaid conditional payments, Liabilities, or other rights to payment, relating to medical treatment or lost wages that have been or may be asserted by Medicare or Medicaid. Plaintiff will indemnify and hold Releasees harmless from any and all Medicare and Medicaid Liabilities and rights to payment related to Plaintiff's injuries alleged in this lawsuit.

(b)     While it is impossible to accurately predict the need for medical treatment, this settlement is based upon a good faith determination of the Parties in order to resolve a disputed claim. The Parties have made every attempt to resolve this matter in compliance with both state and federal law and it is believed that the settlement terms adequately consider and protect Medicare's and Medicaid's interests and do not reflect any attempt to shift responsibility of treatment to Medicare or Medicaid in contravention of 42 U.S.C. Sec. 1395y(b) or any other applicable statute. The Parties acknowledge and understand that any present or future action or decision by the Centers for Medicare & Medicaid Services ("CMS") on this settlement, or Plaintiff's eligibility or entitlement to Medicare, Medicaid, or Medicare or Medicaid payments, will not render this release void or ineffective, or in any way affect the finality of this liability settlement.

11.     **No Waiver.** Failure to insist on compliance with any term, covenant, or condition contained in this Agreement shall not be deemed a waiver of that term, covenant, or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

12.     **Severability.**

(a)     The provisions of this Agreement shall be deemed separate and severable. Should any provision or portion of the Agreement be held invalid or unenforceable, the affected provision shall be modified to the extent necessary to make it legal, valid and enforceable. If it cannot be so modified, it shall be severed from the Agreement, and the remainder of this Agreement shall remain unaffected and continue in full force and effect, which then shall be interpreted to bar any and all claims Plaintiff may have against Defendants.

(b)     If the general and unlimited release of all claims contained in Section 3 above is limited or held to be null and void, (i) this Agreement shall be interpreted or modified to bar any claim that Plaintiff may assert; or, if not, then (ii) Plaintiff shall execute an enforceable general and unlimited release of all claims. However, if either 13(b)(i) or 13(b)(ii) cannot be done, as a matter of law, then Plaintiff shall return, upon demand by Defendants, the Settlement Sum received, or, if its return is not permitted by law or not demanded by Defendants, such amount shall be a set-off against any recovery.

13.     **Jointly Drafted Agreement.** This Agreement shall be deemed to have been jointly drafted, and no provision herein shall be interpreted or construed for or against any Party because such Party drafted or requested such provision, or this Agreement as a whole.

14.     **Applicable Law, Jurisdiction, and Venue.** The interpretation and application of the terms of this Agreement shall be governed by the laws of the State of New York, excluding its conflicts of law provisions that would result in the application of the laws of any jurisdiction other than New York. Furthermore, the Parties hereby select the New York State Supreme Court, County of New York, as the sole appropriate jurisdiction for the purposes of any suit, action, or other proceeding arising out of this Agreement, and, to the extent permitted by applicable law, the Parties waive and agree not to assert, by way of motion, as a defense or otherwise, that the suit, action, or proceeding is brought in an inconvenient forum, that the venue of the suit, action, or proceeding is improper, or that this Agreement may not be enforced in or

by such court.

15. **No Assignment of Claims.** Plaintiff represents and warrants he has not assigned or hypothecated any claims herein released in any manner, to any person or other entity, in any manner, directly or indirectly. Plaintiff and his counsel are not aware of any liens and/or pending legal claims applicable to the Settlement Sum identified in Section 1, above. Plaintiff agrees to defend, indemnify, and hold harmless Releasees against any lien, claim, or action asserted against that Settlement Sum. Plaintiff also agrees that he will be solely responsible to satisfy any liens or pending legal claims asserted against Plaintiff or Releasees as against that Settlement Sum.

16. **Counterpart Signature.** This Agreement may be signed in counterparts, provided that each Party receives a copy fully signed by the other Parties. Electronic signatures such as fax or .pdf or .tiff files shall be given the same force and weight as if they were original signatures.

**WHEREFORE**, the Parties hereto have read the foregoing Release and Settlement Agreement and accept and agree to the provisions contained herein, and hereby have caused this Release and Settlement Agreement to be made effective as of the date above written.

**THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS AGAINST RELEASEES AND PLAINTIFF, AND ALL RELEASEES WHO ARE NOT PARTIES TO THIS AGREEMENT ARE AND SHALL BE THIRD PARTY BENEFICIARIES OF THIS RELEASE AND SETTLEMENT AGREEMENT.**

**[SIGNATURE PAGE TO FOLLOW]**

MAURO DIAZ CASIANO

By: _____
Mauro Diaz Casiano

CAFÉ LALO INC. D/B/A CAFÉ LAO

By: _____

Its: _____President_____

HAIM LALO

By: _____
Haim Lalo

ERIKA ABARCA PEREZ

By: _____
Erika Abarca Perez

9